UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

**KENNETH LACOUR**                                    DOCKET NO.: _____

**VERSUS**                                            JUDGE _____

**YELLOW FIN MARINE SERVICES, LLC**                   MAGISTRATE _____

**COMPLAINT**

**NOW INTO COURT,** through undersigned counsel, comes complainant, Kenneth Lacour, a person of the full age of majority and resident of Westlake, Louisiana, who for his Complaint, respectfully represents as follows:

1.

This cause of action arises pursuant to the provisions of the Jones Act, 46 U.S.C.A.§ 688 et seq., as well as pursuant to 28 U.S.C.A. § 1333, et. seq. Admiralty and General Maritime Law.

2.

Made defendant herein is:

    A.    **YELLOW FIN MARINE SERVICES, LLC.**, a domestic limited liability company authorized to do and doing business within the State of Louisiana and within the Western District of Louisiana, and whose resident domicile address is listed as 2043 Coteau Road, Houma, Louisiana, 70364, and which maybe served through its registered agent for service of process, Michael R. Bailey, Jr., 2043 Coteau Road, Houma, Louisiana, 70364;

3.

Defendant, Yellow Fin Marine Services, LLC., (hereinafter referred to as "Yellow Fin"), is liable unto complainant for the full and true sum in an amount as is reasonable under the premises, plus all legal interest, and the cost of these proceedings from the date of judicial demand for the following reasons, to-wit:

4.

On or about August 1, 2014, Complainant, Kenneth Lacour, was a Chief Engineer and member of the crew of aboard the *M/V K-MARINE XI*, a vessel, which upon information and belief is owned and operated by defendant, Yellow Fin.

5.

On or about August 1, 2014, Complainant, Kenneth Lacour, was employed and working as a Chief Engineer for defendant, Yellow Fin, and was permanently assigned to and aboard the vessel *M/V K-MARINE XI*, which, upon information and belief, was working and located in the waters of the Gulf of Mexico, off the Louisiana coast.

6.

Upon information and belief, defendant, Yellow Fin, was contracted to provide transpiration services in the Gulf of Mexico.

7.

Upon information and belief, on or about the date of accident, the *M/V K-MARINE XI* was owned by and being operated by and under the direct operational control of defendant, Yellow Fin, and was involved in ongoing vessel operations within the navigable waters of the Gulf of Mexico, in the Western District of Louisiana, as well as throughout the State of Louisiana.

8.

Upon information and belief, the accident in question occurred when the bow of the *M/V K-MARINE XI*, allided with a fixed offshore platform located in the Gulf of Mexico, namely, the WD-70L fixed offshore platform located in the West Delta block of the Gulf of Mexico.

9.

Upon information and belief, at the time of the allision, the *M/V K-MARINE XI* was being operated by a inexperienced, unlicensed, and unauthorized deckhand who was employed by defendant, Yellow Fin.

10.

At the time of the allision, complainant, Kenneth Lacour, was in his sleeper berth located below deck on the vessel *M/V K-MARINE XI*.

11.

As a result of the allision, complainant, Kenneth Lacour was violently thrown from his bunk into a side wall which caused serious injuries to his back, neck, spine and body as a whole.

12.

Complainant's injuries resulted from the negligence of the unknown and unnamed deckhand, captain and crew of the *M/V K-MARINE XI*, in failing to avoid an allision with a fixed platform.

13.

Complainant was injured through the negligence and/or vessel negligence and fault on the part of defendant, Yellow Fin, it principals, agents, servants and/or employees and/or those for whom it was responsible for at the time of the hereinabove described accident, in the following described non-exclusive particulars:

   a.  Failing to properly operate/navigate its vessel, the *M/V K-MARINE XI,* in order to avoid the allision with the fixed platform.

   b.  Negligently operating the *M/V K-MARINE XI* at unsafe speeds as was reasonable under the circumstances.

   c.  Failing to post a proper lookout aboard the *M/V K-MARINE XI*.

   d.  Negligently failing to see what should have been seen in order to take reasonable evasive action.

  e.  Failing to operate the *M/V K-MARINE XI* in a prudent manner.

  f.  Failing to provide a seaworthy vessel, equipment and appurtenances.

  g.  Inattentiveness of the master or crew of the *M/V K-MARINE XI*.

  h.  Negligent supervision and/or other acts of negligence and unseaworthiness to be proven at the trial of the merits in this matter.

  I.  Negligently failing to warn crew members, especially complainant of the dangerous conditions.

  j.  Negligently failing to do what they should have done in order to avoid the accident at issue.

  k.  Any and all other acts of negligence which will be proven at the trial of this matter.

14.

Complainant, Kenneth Lacour, as a result of the accident in question, sustained serious, permanent, crippling and disabling injuries resulting in losses, which include but are not limited to the following, to-wit:

  A.  Past medical expenses;

  B.  Future medical expenses;

  C.  Past lost wages;

  D.  Future loss of earning capacity;

  E.  Past and future pain and suffering;

  F.  Past and future mental and emotional anguish;

  G.  Past and future loss of enjoyment of life;

  H.  Any and all other acts of negligence which will be proven at the trial of this matter.

15.

At all material times, Complainant, Kenneth Lacour, was assigned on a permanent basis to the *M/V K-MARINE XI*, and as a member of the crew, his work aboard said vessel, in all respects, constitutes a permanent assignment as a Jones Act Seaman, on August 1, 2014.

16.

Complainant, Kenneth Lacour, qualifies for all benefits and protections due him as a seaman under the Jones Act, 46 U.S.C.A. § 688, et. seq. and all applicable jurisprudence, as well as all protections under the General Maritime law, including the duty to provide maintenance and cure and the right to recover punitive damages from defendant, Yellow Fin for the gross and wanton negligence of the captain and crew in allowing an unlicensed, untrained and unqualified deckhand to operate the vessel, *M/V K-MARINE XI* at issue.

17.

Additionally, defendant, Yellow Fin has been arbitrary and capricious in failing to pay the proper amount for maintenance payments and for medical treatment/care and/or cure to and on behalf of Complainant without reasonable grounds for its refusal of same, despite the fact that defendants are and were aware of Complainants accident and reported injuries, and medical documentation has been provided to defendant, Yellow Fin and its insurers.

18.

Complainant, Kenneth Lacour, asserts his right to a bench trial pursuant to Federal Rule of Civil Procedure 9(h) as his claims arise under the Admiralty and General Maritime Law.

WHEREFORE, complainant, Kenneth Lacour, prays for judgment in his favor, over and against defendant, Yellow Fin Marine Services, LLC, for monetary damages, both general and special, in the full and true sum in amounts as are reasonable under the premises, to be proven at the trial of this matter, plus the costs of these proceedings and all permissible legal interest, and for all other equitable and just relief as the law may allow.

        Respectfully submitted,

        JOSEPH F. GAAR, JR., APLC

BY:   /s/ JOSEPH F. GAAR, JR.
       JOSEPH F. GAAR, JR. (#16927)
       JASON M. WELBORN (#26548)
       WILLARD P. SCHIEFFLER (#25862)
       LUCAS COLLIGAN (#31671)
       JACOB H. HARGETT (#32490)
       617 S. Buchanan St. (70501)
       P.O. Drawer 2069
       Lafayette, LA  70502
       Telephone: (337) 233-3185
       Facsimile: (337) 233-0690
       **Attorneys for Complainant, Kenneth Lacour**